91 F.3d 171
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James H. LOCUS, Jr. Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 96-3104.
 United States Court of Appeals, Federal Circuit.
 June 19, 1996.
 
 Before PLAGER, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 James H. Locus, Jr., a contract specialist with the National Institute of Environmental Health Sciences ("NIEHS"), seeks review of a decision of the Merit Systems Protection Board ( "MSPB" or "Board"), Docket No. AT-1221-95-0706-W-1, dismissing his Individual Right of Action ("IRA") appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Mr. Locus filed a complaint pursuant to 5 U.S.C. § 1214 with the Office of Special Counsel ("OSC"), alleging that adverse personnel actions resulted from reprisal for: (1) a belief that he complained to the NIEHS Director regarding a supervisor's treatment of employees; (2) his filing of administrative grievances; and (3) his filing of a discrimination complaint with the agency's Equal Employment Opportunity Office. After the OSC determined that it would take no further action concerning Locus's reprisal claim, he appealed the decision of the OSC to the MSPB.
 
 
 3
 The Board determined that Locus failed to allege that adverse personnel actions were taken as a result of disclosures concerning: (1) a violation of law, rule, or regulation; (2) gross mismanagement; (3) a gross waste of funds; (4) abuse of authority; or (5) a substantial and specific danger to public health or safety. See 5 U.S.C. § 2302(b)(8) (1994). Accordingly, the Board found that Locus did not meet the jurisdictional requirements for an IRA appeal. Locus has not met his burden of proving that the Board's decision to dismiss his appeal was arbitrary, capricious, an abuse of discretion, procedurally incorrect, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C. § 7703(c) (1994).
 
 COSTS
 
 4
 Each party to bear its own costs.